RIDING CLUB APARTMENTS, D.B.A. WYANDOTTE EAST APARTMENTS, APPELLEE, *v.* SARGENT, APPELLANT.

(No. 81AP-236—Decided June 23, 1981.)

*Mr. Edward L. Clark, Jr.,* for appellee.

*Mr. Lou Friscoe,* for appellant.

MCCORMAC, J. Defendant has appealed the judgment of the trial court that plaintiff can retain his security deposit of $150 under a liquidated damages clause of an apartment lease, asserting that the judgment is contrary to law.

Plaintiff and defendant entered into a one-year lease of an apartment at the monthly rate of $215. A $150 security deposit was made by defendant. Defendant breached the lease contract by vacating the premises before the expiration of the term. Judgment for unpaid rent in the amount of $265.12 was rendered, which included the period of time for which rent was not paid and during which the apartment was vacant prior to its being re-rented by the landlord. There is no question of the validity of that judgment, but defendant asserts that it was contrary to law for the trial court to hold that his $150 security deposit could be retained by the landlord as liquidated damages pursuant to the following clause of the lease agreement:

"* * *Furthermore, in the event Tenant vacates the premises prior to the termination date a charge of $150 will be deducted from said security deposit as an amount necessary or incidental to prepare said premises and secure a new tenant therefor. * * *"

The issue is whether a liquidated damages clause in an apartment lease, permitting the landlord to retain a security deposit of $150, is inconsistent with the provisions of R.C. Chapter 5321 and thus, unenforceable.

R.C. 5321.06 provides as follows:

"A landlord and a tenant may include in a rental agreement any terms and conditions, including any term relating to rent, the duration of an agreement, and any other provisions governing the rights and obligations of the parties that are not inconsistent with or prohibited by Chapter 5321 of the Revised Code or any other rule of law."

R.C. 5321.13 bars certain rental agreement terms; however, a liquidated damages clause for retention of a security deposit is not a term that is barred therein.

R.C. 5321.16 pertains to security deposit procedures and provides, as pertinent, as follows:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due within thirty days after termination of the rental agreement and the delivery of possession. * * *"

A liquidated damages clause permitting the landlord to retain a security deposit without itemization of actual damages caused by reason of the tenant's noncompliance with R.C. 5321.05 or the rental agreement is inconsistent with R.C. 5321.16(B), which requires itemization of damages after breach by the tenant of the rental agreement. Since the provision is inconsistent with R.C. 5321.16(B), it may not be included in a rental agreement and is not enforceable. R.C. 5321.06. It is immaterial that the liquidated damages clause might otherwise be enforceable as such rather than being found to be a penalty.

Plaintiff argues that the issue of legality or enforceability of the liquidated damages clause was not properly before the trial court because illegality is an affirmative defense under Civ. R. 8(C), which was not pleaded. The record discloses that the enforceability of the liquidated damages clause was the primary issue upon which the case was litigated and that, by express or implied consent, that issue was tried and decided by the court. See Civ. R. 15(B). It was not necessary for defendant to file a counterclaim for return of the security deposit as R.C. 5321.16(B) provides that it may be applied to the payment of past due rent.

Defendant's assignment of error is sustained. The judgment of the trial court is reversed. The case is remanded to the trial court with instructions to modify the judgment by deducting $150 from the amount of unpaid rent, thus reducing the judgment to $115.12, plus interest and costs.

*Judgment reversed and case remanded.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.