ALBREQT, APPELLEE, *v.* CHEN, APPELLANT.

(No. L-83-042—Decided May 6, 1983.)

*David Karmol,* for appellee.
*Arnold Gottlieb,* for appellant.

HANDWORK, J. This is an appeal from the Maumee Municipal Court. The facts are basically undisputed and may be summarized as follows. Plaintiff-appellee, Nona Albreqt (hereinafter "appellee"), entered into a written lease with Dr. S. C. Chen, defendant-appellant (hereinafter "appellant"), for certain premises located in Maumee, Ohio. The term of said lease commenced on July 15, 1981. Appellee provided a security deposit to appellant, the

landlord, in the amount of $285 when the lease was signed. On October 30, 1981, appellee notified appellant, both orally and in writing, of her intention to vacate said premises on December 1, 1981. On December 1, 1981, appellee vacated said premises and tendered the keys to appellant along with her forwarding address as required by law. Appellant refused to accept either the keys or the forwarding address. Subsequently, appellee mailed the keys and her forwarding address to appellant. While the duration of the original lease was for one year, the trial court found that it had been modified so as to become a month-to-month tenancy. This finding of fact was not disputed by appellant, and thus it is not presently a matter before this court.

The litigation commenced when appellee filed suit against appellant, seeking the return of her security deposit. Appellant counterclaimed, alleging breach of the written lease and demanding certain damages. Following a trial, judgment was granted in favor of appellee in the amount of $670, which represented the full return of the security deposit, additional damages in the same amount, as provided for in R.C. 5321.16(C), and attorney fees of $100. The trial court also made certain findings of fact. Appellee has cross-appealed from that portion of the court's judgment awarding her attorney fees. Appellant's counterclaim was denied. In bringing this appeal, appellant sets forth the following assignments of error:

"1. The trial court erred in penalizing landlord by awarding tenant double damages and attorney fees pursuant to Section 5321.16 of the Ohio Revised Code since landlord sent notice of itemized deductions to the tenant within the prescribed time period of that statutory provision.

"2. The trial court erred by not giving appellant credit for the stipulated carpet cleaning damages."

This court is satisfied that the rationale of *Riding Club Apts.* v. *Sargent* (1981), 2 Ohio App. 3d 146, is dispositive of the question presented in the second assignment of error. Factually, the cases are similar. In the *Riding Club Apartments* case, the appellant-tenant alleged that retention of his security deposit by the appellee-landlord, without any itemization of damages, as required by R.C. 5321.16(B), was unenforceable. The lease in that case provided, in part:

"'* * * Futhermore, in the event tenant vacates the premises prior to the termination date, a charge of $150 will be deducted from said security deposit as an amount necessary or incidental to prepare said premises and secure a new tenant therefor. * * *'"

Such a clause is not unlike paragraph 31 of the lease *sub judice,* which provides, in pertinent part:

"'* * * Tenant assumes and agrees to pay a charge of $60.00 Dollars ($60.00) for the cleaning of the carpeting in said apartment upon the vacation of said premises. * * * 'Tenant' agrees that said $60.00 Dollar charge will be deducted from said security deposit over and above any other charges to be deducted from said deposit as herein provided[.] * * *'"

In the *Riding Club Apartments* case, the Court of Appeals for Franklin County held:

"A liquidated damages clause permitting the landlord to retain a security deposit *without itemization of actual damages caused by reason of tenant's noncompliance with R.C. 5321.05 or the rental agreement* is inconsistent with R.C. 5321.16(B), may not be included in a rental agreement and is not enforceable (R.C. 5321.06)." (Emphasis added.)

As applied to the facts herein, we adopt and follow the rationale of the opinion of the Tenth District Court of Appeals in *Riding Club Apts.* v. *Sargent, supra.* In this case, the trial court affir-

matively found that when appellee vacated the apartment, the carpet was just as clean as or cleaner than when appellee initially moved into the apartment. Therefore, under the circumstances, appellee is not responsible for the cost of any carpet cleaning. In the absence of an affirmative showing, by way of itemization (see R.C. 5321.16[B]), that there was a specific need to clean the carpet, appellant's unilateral deduction was improper. A lease provision regarding carpet cleaning that is inconsistent with R.C. 5321.16(B) is unenforceable. Cf. *Riding Club Apts.* v. *Sargent, supra,* at 147. Consequently, the second assignment of error is not well-taken.

The issues raised by appellant's first assignment of error require a careful analysis of R.C. 5321.16(B) and (C). This section of Ohio's landlord-tenant law deals with security deposit procedures.

R.C. 5321.16(B) and (C) state:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Ohio Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorney fees under division (C) of this section.

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, *together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."* (Emphasis added.)

Appellant contends that he did provide timely itemization of damages, and thus the penalty provisions of R.C. 5321.16(C) were inapplicable. Appellant further contends that, given the factual findings of the trial court, he should be liable only for the return of the security deposit, less the carpet cleaning fee. Given our holding with respect to the second assignment of error, said fee may not be deducted. The question thus becomes whether appellant is liable for $285, $670, or some other amount.

In drafting R.C. 5321.16(B), the intent of the legislature was to require prompt refunds of security deposits, less lawful deductions. Lawful deductions include: (1) past due rent; (2) damages suffered by the landlord by reason of the tenant's noncompliance with R.C. 5321.05; or (3) damages suffered by reason of the tenant's noncompliance with the rental agreement. See R.C. 5321.16(B). Appellant never contended that past rent was due and owing. A careful study of the record, in the context of R.C. 5321.05, compels us to conclude that of the items deducted, only one was proper. The remainder so deducted were contrary to law. In his notice of December 3, 1981, appellant claimed the following items as damages:

"(1) Carpet cleaning (article 31) $30.00
"(2) Bathroom towel rack repair 8.00
"(3) Bathroom wallpaper water damage, wall paper and plaster repair 65.00
"(4) Curtain rods in the living room (article 40) Drapery rods in the bedroom (article 40) 32.00

"(5) Ad in the Blade (article
23)                                        90.50

|           |          |
|-----------|----------|
| TOTAL     | $225.50  |
| DEPOSIT   | $285.00  |
| BALANCE   | $ 59.50  |

"I am applying the balance toward the rent, and I shall make best effort to rent the premises; but until then, you are still responsible according to the lease."

We have already dealt with item (1) (the carpet cleaning). The trial court found that items (2) and (3), based upon the evidence, were in poor repair when appellee moved in and, therefore, were not her responsibility. More importantly, they are items not found in R.C. 5321.05 *or* the lease agreement herein. The notice does not allege that these items are violations of the lease or the statute. They are not, therefore, proper deductions from the security deposit, as provided for in R.C. 5321.16(B).

Items (4) and (5) of the notice dealt with damages allegedly caused by appellee's termination of the lease agreement. (The notice itself appears to indicate that the lease has been violated.) Items (4) and (5) will be considered individually. Item (4) alleges that curtain rods in the living room and drapery rods in the bedroom were removed contrary to Article 40 of the lease. The trial court rather summarily stated that appellee had installed her own curtain and drapery rods when she moved in and then took them with her when she moved out, noting that she did fill in the screw holes when she left. The court then concluded that appellee was not responsible for the curtain or drapery rod expenses. Article 40 of the lease agreement states:

"No traverse, curtain rods, drapery rods, towel bars, soap dishes or any other type of fixture will be installed by 'Tenant' in said apartment without the written consent of Owner. It is understood and agreed by and between Owner and 'Tenant' that even though said permission is given, said fixtures, *once installed, become the property of Owner and will not be removed by 'Tenant.'* " (Emphasis added.)

Based upon the factual findings of the trial court, it would appear that a clear violation of paragraph 40 occurred. Appellant had every right to deduct from the security deposit the cost of installing new curtain and drapery rods.

Item (5) of the notice deals with an alleged violation of paragraph 23 of the lease, which provides:

"In the event that the Owner shall, *during the period covered by this lease,* obtain possession of said premises by reentry, summary proceedings, or otherwise, the 'Tenant' hereby agrees to pay the Owner the expense incurred in obtaining possession of said premises, and also all expenses and commissions which may be paid in and about the letting of the same, and all other damages." (Emphasis added.)

Based upon the trial court's findings, we conclude that at the time appellant secured possession of said premises, the rental period was over. Thus, paragraph 23 of the lease does not apply, since possession did not occur during the period of the lease. Consequently, the $90.50 was improperly withheld from the security deposit.

The trial court further found that the lease was a valid month-to-month lease, which appellee properly terminated. Therefore, before appellant can recover any of the damages itemized and withheld from the security deposit, he must follow the procedural requirements set forth in R.C. 5321.16(B). Failure to adhere to such procedures will trigger the penalty provisions of R.C. 5321.16(C) regarding attorney fees.

We hold that appellant's actions were contrary to the requirements of R.C. 5321.16(B), and we find that the decision of the trial court was correct.

Before a landlord can withhold all or any portion of the security deposit of a tenant who has properly canceled a month-to-month tenancy, the landlord is required to apply said security deposit, first, to past due rent. Thereafter, he is required to itemize, in a written notice delivered to the tenant, any damages he claims were occasioned by a violation of the statute (R.C. 5321.05) or the lease. Again, the failure to follow this procedure, accompanied by a withholding of the security deposit, or any portion thereof, will trigger the penalties set forth in R.C. 5321.16(C). Here, although an itemization was made, in all respects except one it failed to set forth any valid violations of the lease or the statute. We thus conclude that appellant improperly withheld all but $32 of the initial security deposit. Hence, the trial court properly invoked the penalty provisions of R.C. 5321.16(C), and the first assignment of error is not well-taken.

We next address appellee's cross-appeal in which she sets forth the following assignment of error:

"An award of one hundred dollars ($100) in attorney fees is insufficient, unreasonable and an abuse of discretion by the trial court."

R.C. 5321.16(C) allows the court to award reasonable attorney fees upon a finding of a violation of paragraph (B) of that section. "Reasonableness" clearly means that the trial court, as the trier of fact in this case, must make his own assessment of what is reasonable on the basis of the evidence presented. The record herein is totally silent as to the evidence, if any, that was before the court on this issue. In the absence of any record-evidence by which to determine if the trial court abused its discretion, the proceedings below are presumed to have been regular, valid and error-free. See *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199 [15 O.O.3d 218]; see, also, *Meyer* v. *Perlstein* (1923), 107 Ohio St. 398;

*Acosta* v. *Echt* (1962), 117 Ohio App. 178 [23 O.O.2d 427]. Accordingly, appellee's cross-assignment of error is not well-taken, and the trial court's decision in that regard is affirmed.

On consideration whereof, the judgment of the Maumee Municipal Court is hereby affirmed, but modified in accordance with this opinion. Pursuant to App. R. 12(B), we award judgment to appellee in the amount of $606, representing twice the amount of the security deposit determined to have been unlawfully withheld ($253), plus $100 for attorney fees. This cause is remanded to said court for assessment of costs.

*Judgment affirmed, as modified.*

CONNORS, P.J. and DOUGLAS, J., concur.