OPINION
Plaintiff-appellant, Mary E. Tibbs, appeals from the municipal court's calculation of damages in an action against defendants-appellees, Douglas R. Cox and Geraldine Cox. We affirm.
On April 27, 1994, appellees entered into an oral month-to-month tenancy with appellant for the lease of residential property located at 7651 Sharts Road, Franklin, Ohio. Appellees resided in the house until August 13, 1997, when they were served with notice to vacate the premises. On September 8, 1997, the court ordered appellees to vacate the premises by September 26, 1997. Appellees complied with the court order and vacated the property. Appellant asserted that appellees had damaged the property and a trial on the issue of damages was held on October 6, 1997. The magistrate issued a decision on October 17, 1997, making the following findings of fact:
 The testimony showed, from various sources, that the rental home located at 7651 Sharts Road was approximately 50 years of age. From the pictures provided, it is a house that clearly shows its age. It has not been particularly well maintained, and has many features which cannot be described in any way other than they are old.
 Defendants lived in the house for approximately four years. Throughout their tenancy, they paid their rent in a timely fashion, and did not create disturbances throughout the neighborhood. When they moved, [appellant] went through the property and found a number of problems which she believes defendants should pay for.
 Defendants denied doing much of the damage. They responded that either the problem alleged was already there when they moved in, or that the problem that developed was the result of ordinary wear and tear — though they didn't say it in those exact words. For instance, they admitted that a small hole was created in the front door while they lived there, and they admitted the bathroom faucet handle broke and the garage door bottom was damaged during their stay. The other alleged problems were either already there or something they were not aware of.
 [Appellant] did not have [appellees] sign a sheet when they moved in warranting that the condition of the house was excellent, and that all doors, windows, fixtures and the like were in good working condition.
 Accordingly, the Court has [appellant] testifying that the majority of the problems developed when [appellees] lived there, and [appellees] saying that is not the case.
 [Appellant] has the burden of proof. The Court finds that from the testimony, other than the items [appellees] admitting to damaging, [appellant] has not met her burden of proof. Therefore, the next question is whether [appellees] are legally responsible for what they admit happened during their stay. That is, are the damaged areas ordinary wear and tear or are they not?
 The broken faucet is ordinary wear and tear. From the pictures, the remaining fixture looks as if it's the same one installed when the house was originally built. With any fixture, it's only a matter of time when they will deteriorate and break. Appellee's are not responsible for that. [sic.]
 Likewise, the condition of the garage door appears to be ordinary wear and tear. There was no evidence presented of an unnatural condition created by the [appellees] which resulted in the water damage.
 The hole in the door is not ordinary wear and tear. Accordingly, [appellees] have to pay to have the door repaired. There's no evidence the door doesn't work, and given the overall condition of the house this small hole does not require replacement of the door. [Appellees] shall pay $20 to have the door repaired.
Appellant failed to file objections to the magistrate's report until November 3, 1997. The court overruled appellant's objections and affirmed the decision of the trial court which ruled in favor of appellant in the amount of $20.
Appellant filed the instant appeal pro se. We note at the outset that appellant has failed to set forth assignments of error for our review and instead has presented "issues" for our consideration. Pursuant to App.R. 16(A)(3), appellant is required to present assignments of error for our review. However, in the interest of justice, we will consider the issues argued by appellant as if they were assignments of error. Gurr v. Broshear (Apr. 14, 1997), Butler App. No. CA96-10-201, unreported, at 3. The gravamen of appellant's argument is that the trial court's decision was against the manifest weight of the evidence.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, quoting C. E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Furthermore, in reviewing the manifest weight of the evidence, this court is to presume the correctness of the findings of the trier-of-fact as follows:
 The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is the best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.
Seasons Coal Co. at 80.
It is well-settled that the charges a landlord assesses for a tenant's use beyond ordinary wear and tear must be reasonably proportionate to the actual damages attributable to the tenant. Albreqt v. Chen (1983), 17 Ohio App.3d 79, 80-81. The municipal court's judgment entry reflects that as the trier of fact it did not attribute much weight or credibility to appellant's arguments that the damages to the house were actually caused by appellees. We will not second guess this evaluation of the evidence. Accordingly, appellant's arguments are not well-taken and we affirm the judgment of the trial court.
KOEHLER and WALSH, JJ., concur.