OPINION
Appellant, Stanley N. Sokol, appeals the judgment issued by the Warren Municipal Court.
On June 9, 1998, appellant filed a complaint for forcible entry and detainer with claim for rent in the Niles Municipal Court against appellee, Kimberly R. Sines. The purpose of the action was to evict appellee from 454 Robbins Avenue, Apartment #2, Niles, Ohio, for non-payment of rent. On June 23, 1998, the trial court ordered a writ of restitution to issue and continued the hearing of appellant's second cause of action regarding damages. On August 7, 1998, the trial court entered judgment for appellant in the amount of $100, but sua sponte amended its judgment on August 11, 1998, granting judgment for $100 to appellant after appellee is given credit for her $300 security deposit. At appellant's request, the trial court filed the following findings of fact and conclusions of law on August 21, 1998:
Findings of Fact
 Upon entering a rental agreement the plaintiff required the defendant to post a $300.00 "non-refundable maintenance fee."
 Plaintiff instituted an eviction action citing nonpayment of rent as the basis for the issuance of a writ of restitution with a second cause of action for unpaid rent.
 The defendant did not pay the last month [of] rent of $375.00; the defendant vacated the premises prior to the hearing on the first cause of action; the defendant did not supply the plaintiff with a forwarding address.
 The plaintiff maintained the $300.00 and proceeded upon his second cause of action for unpaid rent and for a late fee of $25.00.
Conclusions of Law
 The plaintiff's "non-refundable maintenance fee" is a security deposit. To charge such a fee is contrary to law. [Albreqt] v. Chen, 17 Ohio App.3d 79 (1983); Riding Club Apts. v. Sargent, 2 Ohio App.3d 146
(1981).
 Deducting the security deposit from the last month's rent, the plaintiff is due $75.00.
From this judgment, appellant assigns the following error:
 "The trial court erred to the detriment of the appellant when it characterized appellant's nonrefundable maintenance fee as a security deposit and deducted past due rent from such fee."
In his sole assignment of error, appellant alleges that the trial court erred by characterizing a fee paid by appellee at the beginning of the lease term as a security deposit. Appellant contends that the $300 that appellee paid to appellant when the lease commenced was a non-refundable maintenance fee, a one-time charge for preparing the apartment for appellee's initial occupation and general maintenance of the apartment thereafter; however, no evidence exists in the record concerning the non-refundable maintenance fee and no transcript or App.R. 9(C) or (D) statements have been filed.
It is well-established that it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for a determination of the appeal, is filed with the appellate court. App.R. 9(B); Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp at 199.
If appellant had provided this court with a record that included evidence that the fee appellee paid was a non-refundable maintenance fee, we would agree that such a fee is not contrary to law. Charging such a fee at the commencement of the lease does not constitute liquidated damages, which are prohibited. SeeAlbreqt v. Chen (1983), 17 Ohio App.3d 79, 477 N.E.2d 1150;Riding Club Apts. v. Sargent (1981), 2 Ohio App.3d 146,440 N.E.2d 1368. Appellant is correct in his contention that a landlord and tenant may include in a rental agreement any terms and conditions that are not inconsistent with or prohibited by Chapter 5321 of the Revised Code, and Ohio law does not prohibit a landlord from collecting a non-refundable maintenance fee if his tenant agrees to pay it.
In the present case, because appellant failed to provide this court with a record necessary to demonstrate that the fee appellee paid was a non-refundable maintenance fee rather than a security deposit, this court must presume that the trial court's determination that it was a security deposit is correct. Appellant's sole assignment of error has no merit.
 __________________________________________ PRESIDING JUDGE ROBERT A. NADER
O'NEILL, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.