DECISION AND JUDGMENT ENTRY
Dale and Catherine Johnston appeal the judgment of the Gallipolis Municipal Court in favor of Jackson Kelley, their former landlord. The appellants allege nine assignments of error for our review:
FIRST ASSIGNMENT OF ERROR
 THE COURT ERRED IN AWARDING CLEANING AND PAINTING COSTS TO THE PLAINTIFF-APPELLEE.
 SECOND ASSIGNMENT OF ERROR
THE COURT ERRED IN AWARDING EXCESSIVE COSTS FOR REPAIRS.
THIRD ASSIGNMENT OF ERROR
THE COURT ERRED IN AWARDING EXCESSIVE COSTS FOR MATERIALS.
FOURTH ASSIGNMENT OF ERROR
THE COURT ERRED IN AWARDING EXCESSIVE COSTS FOR LABOR.
FIFTH ASSIGNMENT OF ERROR
 PLAINTIFF-APPELLEE FAILED TO PROVE DEFENDANT-APPELLANT CAUSED DAMAGES.
 SIXTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN CALCULATING THE AWARD AMOUNTS FOR THE PLAINTIFF-APPELLEE WITH INSUFFICIENT EVIDENCE OF EXPENSES.
 SEVENTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN AWARDING DAMAGES THAT WERE BASED ON INSUFFICIENT EVIDENCE OF EXPENSES.
 EIGHTH ASSIGNMENT OF ERROR
 PLAINTIFF-APPELLEE FAILED TO PRESENT EVIDENCE OF THE DIFFERENCE IN VALUE OF THE PROPERTY IN ORDER TO RECOVER FOR DAMAGES.
 NINTH ASSIGNMENT OF ERROR
 THE COURT ERRED IN ALLOWING THE PLAINTIFF-APPELLEE TO PROCEED IN THIS ACTION WHICH IS IN VIOLATION OF R.C. 5321.16(B).
The appellants, Dale and Catherine Johnston, were tenants for approximately three and one-half years in a home owned by the appellee Jackson Kelley. While the record does not contain any reference to the nature of the lease, the appellants submitted a $300 security deposit to the appellee. In early January of 2000 the appellant's moved out of the home without requesting a return of the security deposit or providing a forwarding address. In July 2000, six months after the appellant's vacated the premises, the appellee filed a complaint in small claims court against the appellants for damages to the rental property.
The appellants stipulated that one exterior door was damaged and some corner molding at the base of the stairs was damaged and needed replaced. However, the appellants disputed the remaining claims for damages sought by the appellee. The appellee submitted invoices from a cleaning company and a contractor for work done to the rental property. The invoice from the cleaning company included the following services:
Washed/cleaned walls and floors.
Spot cleaned and shampooed all carpets.
Painted two complete rooms.
Stained and varnished three interior doors.
Painted one exterior door.
The invoice states that the services were completed in late April 2000 for a price of $975. The invoice from the contractor included services for replacement of doors, ceramic tile, trimwork, deadbolts, ceiling tiles, attic covers, and bathroom vanity shelves. The total bill for these services was $1502.76, with $1270 attributed to labor. Neither of these invoices included specific itemizations for each task performed, rather, they included a total price for all work completed. The only other item included was a receipt for $151.40 for other materials allegedly purchased by the appellee for the repairs. The Small Claims Division of the Gallia County Municipal Court found that the appellants were liable for $975 for painting and cleaning, $1250 for the contractor, and $830.24 for materials purchased by the appellee. After adjusting for the security deposit, the trial court granted judgment in favor of the appellee for $2755.24.
 I.
For purposes of convenience we will address the appellant's ninth assignment of error first. In this assignment of error, the appellants argue that the trial court erred in violation of R.C. 5321.16(B) in allowing the appellee to maintain his complaint. We find this argument to be without merit, therefore, we overrule it.
We review a trial court's interpretation of a statute on a de novo
basis since it presents us with a question of law. Upon termination of a rental agreement, a landlord is authorized by R.C. 5321.16(B) to apply the security deposit to past due rent and damage to the property.[1]
Before a deduction from the security deposit can occur, R.C. 5321.16(B) requires the landlord, within thirty days after termination of the lease, to itemize and identify violations of the lease or of R.C. 5321.05
in a written notice. Albreqt v. Chen (1983), 17 Ohio App.3d 79, 83,477 N.E.2d 1150, 1155. By its express terms this section also requires the landlord to return any unused portion of the deposit to the tenant. However, the tenant is also required to provide a forwarding address to the landlord so that the written notice and amount due from the security deposit can be returned. R.C. 5321.16(B). If the tenant does not provide a forwarding address, the tenant is not able to receive double damages or attorney fees as provided by R.C. 5321.16(C). Vardeman v. Llewellyn
(1985), 17 Ohio St.3d 24, 27, 476 N.E.2d 1038, 1140-41. However, failure of the tenant to provide a forwarding address does not foreclose the tenant's right to seek recovery of any unused portion of the security deposit. Id. In the present case the appellants did not provide their landlord with a forwarding address, therefore, they are not entitled to the damages available in R.C. 5321.16(C). However, the appellants are not requesting the damages from subsection (C); they apparently contend that appellee is estopped from seeking damages against them. But, even though a landlord improperly retains the unused portion of a security deposit or fails to provide the notice and itemization, the landlord is not prohibited from seeking damages against the tenant. Id. Therefore, even though the appellants may be correct that appellee did not comply fully with R.C. 5321.16, that fact does not preclude the appellee from maintaining an action for damages under R.C. 5321.05. Id. Therefore, appellants ninth assignment of error is overruled.
 II.
The remaining assignments of error will also be addressed out of order for the sake of convenience. All eight assignments of error essentially allege that the trial court decision is against the manifest weight of the evidence. The trial court made its decision based on factual determinations elicited at trial. When a judgment is entered on factual determinations, a highly deferential standard of review exists and the decision will be affirmed as long as it is supported by some competent, credible evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273. This standard of review is necessarily highly deferential because the trial court is in the best position to analyze the witnesses and determine their credibility. Id. We are reminded that it is not the province of this court to reweigh the evidence. C.E. Morrisv. Foley Construction Co. (1978), 54 Ohio St.2d 279, 280. However, if there is no competent, credible evidence to support the judgment, it will be reversed. In this case we are faced with an incomplete record and partially as a result, we are forced to conclude that no competent, credible evidence exists to support the court's decision.
The landlord may only recover damages from the tenant for violations of R.C. 5321.05 or because of violations of the lease. R.C. 5321.05
identifies a lengthy list of the obligations tenants owe landlords. Accordingly, tenants are liable for waste; however, they are generally not liable to landlords for damages attributed to ordinary wear and tear. If damage is not of the type specified in R.C. 5321.05 or the lease, it will normally be considered ordinary wear and tear. See generally, White, Ohio Landlord Tenant Law (2001 Ed.) Section 7.5. Furthermore, even in the instance of waste, the landlord bears the burden of submitting sufficient evidence to link the damages to the tenant.Cuzzort v. Rose (Nov. 6, 1986), Montgomery App. No. CA9791, unreported. With these principles of law in mind we must conclude that the trial court decision was against the manifest weight of the evidence.
 III.
The appellant first contends that the trial court erred in awarding cleaning and painting costs. The trial court relied exclusively on an invoice presented by the appellee in awarding these costs. The appellee must make an affirmative showing that there was a specific need to clean the carpet. Albreqt, 17 Ohio App.3d at 81. The appellee relied only on this invoice and made no additional showing that the condition of the carpet was due to anything other than ordinary wear and tear. The court in Albreqt correctly stated that "in the absence of an affirmative showing, by way of itemization * * * that there was a specific need to clean the carpet, appellant's unilateral deduction was improper."Albreqt, supra. Additionally, the appellant's lived at the appellee's premises for three and one-half years. Apparently, the carpet was not cleaned at any time during their tenancy. Therefore, one could presume that the carpet needed cleaning only because of ordinary wear and tear, especially since the appellee offered no proof to the contrary.
This same analysis also holds true for the painting. The appellee must also show that the premises needed painting apart from ordinary wear and tear. The appellee can not recover for the painting based solely on the invoice. Absent an additional showing by the appellee that the cleaning and painting was for anything other than ordinary wear and tear, the appellee can not recover the $975. Therefore, appellants first assignment of error is sustained.
 IV.
Appellants fourth assignment of error alleges excessive costs for labor. The invoice states that $1270 was charged for labor. The contractor testified that he spent four or five hours working on the job. For five hours of work, which seems reasonable for the work listed on the invoice, the contractor apparently charged $254 an hour. Without any evidence of extraordinary work, this appears excessive. See, for example, Cuzzort, supra (stating that $8 an hour was not manifestly unfair or unreasonable). Therefore, appellants fourth assignment of error is sustained. On remand the trial court should determine a reasonable and fair price for labor.
 V.
The record is also void of evidence supporting the conclusion that the appellants are liable for materials purchased by the appellee. The invoice from the contractor included $232.76 worth of materials but no breakdown of what those materials were and whether any of those materials could be attributed to ordinary wear and tear. The record also contains one receipt for $151.40. However, the trial court concluded that the appellants were liable for $830.24. The record before us supports, at most, an award of $384.16. There remains however, a question whether the receipt was included in the amount credited in the contractor's invoice since there is no itemization of the materials purchased. If the receipt was already credited then it should be subtracted from the invoice amount. Therefore, the appellants third and sixth assignments of error are sustained. Appellant's third assignment of error is sustained. Since costs for labor and materials have been deemed excessive, assignment of error two is necessarily sustained.
 VI.
The remaining assignments of error will be addressed together. The landlord must show a link between the damage and the tenant. Cuzzort,supra. Put another way, the landlord must show that the damage occurred during the tenant's rental period. In this case, the appellee has not carried this burden. The record presented to us contains no evidence of the condition of the premises at the time appellant's took possession. The parties agreed that there was some damage to an exterior door and to some corner molding at the base of the stairs. The remaining damages are disputed. Therefore, the appellee must establish the link between the damage and the appellant. The invoice for the painting and cleaning was dated April, 28, 2000, three and one-half months after the appellant's vacated the premises. The record contains no evidence concerning the condition or occupation of the premises during this three and one-half months, therefore, the damage to the premises can not properly be attributed to the appellant. Without some testimony concerning the condition of the premises immediately before and after the appellants' tenancy, the trial court could not infer that all of the alleged damage occurred during that period. For these reasons, all of the alleged damages attributed to the appellants are cast into doubt except for the stipulated damages. Assignments of error five, six, seven and eight are sustained. Therefore, appellants first eight assignments of error are sustained.
The judgment of the trial court is reversed and remanded to the trial court for new trial to determine damages consistent with this opinion, including whether the appellant is entitled to any refund of the $300 security deposit if appellee can not sufficiently prove damages.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 5321.16 states in its entirety:
Any security deposit in excess of fifty dollars or one month's periodic rent, whichever is greater, shall bear interest on the excess at the rate of five per cent per annum if the tenant remains in possession of the premises for six months or more, and shall be computed and paid annually by the landlord to the tenant.
Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05
of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.