ACOSTA, PLAINTIFF-APPELLANT, *v.* ECHT ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25956.   Decided September 13, 1962.

*Messrs. Sindell, Sindell, Bourne & Markus,* for plaintiff-appellant.

*Messrs. Hauxhurst, Sharp, Cull & Kellogg,* for defendants-appellees.

(FESS, J., of the Sixth District, DOYLE and HUNSICKER, JJ., of the Ninth District, sitting by designation in the Eighth District.)

FESS, J. Appeal on questions of law from the entry of a summary judgment in favor of defendants-appellees. Defendants moved the court to enter a summary judgment on their behalf ''and in support of such motion, and in accordance with Section 2311.041, Revised Code, defendants refer the court to 'Exhibit No. 1,' deposition of the plaintiff, and to defendant's brief filed herewith.'' Exhibit No. 1 is a carbon copy of a deposition of the plaintiff taken by defendants as upon cross-examination, which is certified by the notary public.

The journal entry recites:

''Upon consideration of the motion for summary judgment and the pleadings, drafts (sic), deposition of the plaintiff and

oral argument of counsel for the respective parties, the Court finds there is no genuine issue as to any material fact which would impose liability upon the defendant'' etc.

Plaintiff-appellant's praecipe upon the appeal states:

''Please prepare and file with the court of appeals a transcript of the docket and journal entries together with the original papers in this case.''

The motion for summary judgment with Exhibit No. 1 attached is included in the file transmitted to the Court of Appeals by the clerk of the common pleas court.

No bill of exceptions has been filed incident to the appeal.

It is a generally accepted rule in civil cases that when an appeal is taken on questions of law and the errors assigned are such as can be disclosed only by a bill of exceptions, it is mandatory that a bill of exceptions be filed within the time prescribed by law, and where no bill of exceptions is so filed, the reviewing court has no alternative but to affirm the judgment. 4 Ohio Jurisprudence, 566. In accordance with this rule a bill of exceptions containing the evidence at the hearing upon a motion is generally necessary to enable an appellate court to review the action of the lower court in either sustaining or overruling the motion. 3 Ohio Jurisprudence (2d), 425. Thus in the recent decision of the Cuyahoga County Court of Appeal in *Allstate Insurance Co.* v. *Dye*, 113 Ohio App., 90, 170 N. E. (2d), 862, in its opinion the court says:

''A bill of exceptions is absolutely necessary to put upon the record, in a review on questions of law, the evidence presented upon the hearing of a motion which is tried either by affidavit, by documents attached to pleadings, or by stipulations, or other evidence to be considered in passing upon a motion for summary judgment.''

The same rule is applied to depositions. The reviewing court cannot consider depositions which are neither incorporated in the bill of exceptions, nor attached to it, nor referred to by any mark or particular designation. And a deposition which is merely referred to in the bill of exceptions with the objections thereto in the trial court, but which is not attached to the bill, or shown to be a part of it, cannot be considered on review. 3 Ohio Jurisprudence (2d), 460. It is said that there is a

somewhat more liberal rule with respect to attaching to a bill of exceptions a deposition where the identify of the deposition is certain. *Pullman Co.* v. *Washington,* 10 O. C. C. N. S., 105, 30 O. C. C., 17. But this presupposes that a bill of exceptions has been filed. See also 3 Ohio Jurisprudence (2d), 464, re necessity of properly identifying exhibits referred to in a bill of exceptions.

We recognize that in its application the rule is harsh and may defeat a review of a judgment which would otherwise be determined on its merits, but we are constrained to follow the decision in the *Allstate's case,* and to hold that in the absence of a bill of exceptions no error otherwise appearing upon the record on this appeal the judgment must be affirmed. *Tenesy* v. *Cleveland,* 133 Ohio St., 251, 13 N. E. (2d), 122.

Judgment accordingly.

DOYLE and HUNSICKER, JJ., concur.