STANDARD ACCIDENT INSURANCE CO., APPELLANT, *v.* MILLER ET AL., APPELLEES.

(No. 5583—Decided October 29, 1962.)

*Messrs. Eastman, Stichter & Smith,* for appellant.
*Messrs. Doyle, Lewis & Warner,* for appellee Hatcher.
*Mr. David A. Katz,* for appellee Lynn Ruth Miller.
*Mr. Howard C. Schwab,* for appellee Juanita Brown.

FESS, J.  This is an appeal on questions of law from a judgment entered by the Common Pleas Court upon the petition of the plaintiff, appellant herein, praying for a declaratory judgment that the use by the defendant, appellee herein, Juanita Brown of an automobile referred to in the petition was not covered by an insurance policy at the time of a collision pursuant to which defendant Juanita Brown incurred liability and that plaintiff is under no obligation to afford a defense to Juanita Brown in certain civil actions filed against her by defendants Hatcher and Miller, and that plaintiff is under no obligation to pay any judgment that might be rendered against defendant Juanita Brown in such civil actions.

The case was tried and determined by the common pleas judge upon admissions in the several answers and upon certain stipulated facts.

The several answers admitted the allegations contained in paragraphs Nos. 1, 2, 4, 6, 10 and 12 of the petition as follows:

1. Plaintiff is a Michigan corporation authorized to do business as an insurance company in Ohio;

2. A real and substantial controversy exists between the plaintiff and the defendants;

4. Said insurance policy was in full force and effect on October 5, 1960 (date of the collision).

6. At or about the time the possession of said automobile was given to Dee Brown (husband of the defendant Juanita Brown), said Brown signed an undated application for certificate of title which appeared on said certificate of title for said automobile;

10. On October 7, 1960, a certificate of title to said automobile was issued to Dee Brown;

12. That plaintiff has no adequate remedy at law and that until such time as the court would render a judgment declaring the rights of the parties the questions presented herein must be decided by plaintiff at its peril.

There are also several additional qualified admissions in the several answers, but in its reply plaintiff denies every statement made in each of such answers excepting those constituting admissions of the allegations and statements contained in the plaintiff's petition.

In substance, the stipulated facts are as follows:

(1) A copy of the insurance policy in question, the correctness and authenticity being agreed upon.

(2) The full purchase price of the automobile in question, as ultimately requested, was never agreed upon or paid by the purchaser, Dee Brown.

(3) If Jess Ellis, Vice-President of Grand Motors, Inc. (the named insured), were to testify, he would state that the certificate of title showing title in Grand Motors, Inc., was delivered to Midwest Finance Company on September 29, 1960, bearing an application for a new certificate of title, signed by Dee Brown, and an assignment of title executed by Grand Motors, Inc.

(4) Were Mr. Ellis to testify, he would state that he had given permission to Dee Brown to use the automobile in question with the dealer's plates assigned to Grand Motors, Inc., affixed thereto, and that he had talked to Juanita Brown, wife of Dee Brown, over the telephone prior to October 5, 1960, knowing her to be the wife of Dee Brown.

After approval of the stipulations the plaintiff rested, and the defendants moved for judgment on their behalf.

The foregoing admissions and stipulations in substance constituted all the formal evidence adduced at the time the plaintiff rested. However, it is conceded in the arguments

of counsel upon the motions, appearing in the bill of exceptions as well as in the respective briefs filed upon this appeal, that the defendant Juanita Brown, wife of Dee Brown, was driving the automobile entrusted to her husband by the named insured, returning from a grocery store, at the time of the collision giving rise to the suits for damages brought by the defendants Hatcher and Miller.

The applicable provisions of the policy of insurance are:

"Definition of Hazards.

"Premises—Operations—Automobiles * * * The ownership, maintenance or use of the premises for the purpose of an automobile sales agency, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of (1) any automobile owned by or in charge of the named insured and used principally in the above defined operations, and (2) any automobile owned by the named insured in connection with the above defined operations for the use of the named insured, a partner therein, an executive officer thereof, or a member of the household of any such person."

"Definition of Insured * * * With respect to the insurance under coverages A, B, and D the unqualified word 'insured' includes the named insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

Upon this state of the record the court entered the following judgment:

"This cause came on this day upon trial, all parties being present in person and by counsel and after evidence being first entered upon stipulation of the parties and plaintiff resting its case, defendants moved for judgment. After hearing first had

on said motion, the court finds said motion to be well taken and grants the same; and the court finds that the use, by the defendant Juanita Brown, of the automobile in question was and is covered by the insurance policy issued by the plaintiff company to Grand Motors, Inc., and the court further finds that said policy was at the time of the collision in question in full force and effect and hereby grants final judgment to defendants on said findings. The prayer of the defendant, Juanita Brown, in her answer with respect to attorneys fees is hereby submitted to the court on the stipulation of counsel as to evidence of service performed and on briefs to be submitted by counsel for plaintiff and defendant Juanita Brown within two weeks from the date of trial.''

In the light of the foregoing analysis of the facts before the court it is concluded that the plaintiff failed to sustain the allegation of its petition that the use by the defendant Juanita Brown of the automobile referred to in its petition was not covered by its insurance policy issued to Grand Motors, Inc. It is further concluded that there was sufficient evidence from which an inference could be drawn to support the finding of the court that the use of the automobile in question by the defendant Brown was and is covered by the insurance policy issued by the plaintiff to Grand Motors, Inc.

This court is of the opinion that the matter of the allowance of attorneys fees to counsel for the defendant Brown should have been determined prior to entry of the final judgment, but inasmuch as the notice of appeal was filed prior to any decision upon the allowance of such fees and no error has been assigned to the continuance of said cause for such purpose, the judgment of the Common Pleas Court is affirmed, and the cause is remanded to that court for execution of costs incurred in this court and the Common Pleas Court and for further proceedings incident to the prayer for allowance of counsel fees.

*Judgment accordingly.*

SMITH, P. J., and DEEDS, J., concur.