ASHLAND OIL & REFINING CO., INC., APPELLANT, *v.* LYTLE ET AL., APPELLEES.

[Cite as Ashland Oil & Refining Co. v. Lytle, 7 Ohio App. 2d 95.]

(No. 287—Decided October 25, 1965.)

*Messrs. Kyte, Conlan, Wulsin & Vogeler,* for appellant.
*Messrs. Davis, Farley, Groneman & Short* and *Messrs. Young & Jones,* for appellees.

HILDEBRANT, P. J. This appeal on questions of law is before this court on motion to dismiss or, in the alternative, to affirm the judgment for failure to file a bill of exceptions claimed to be necessary to exhibit the errors complained of below.

Appellant contends the amendment of Section 2321.05 of the Revised Code, effective September 24, 1963, does away with the necessity of a bill of exceptions because the judgment entry in this case states the lower court in considering the cross-motions for summary judgment here considered the supporting

affidavits and, therefore, the errors complained of are exhibited by the transcript of the docket and journal entries, together with the original papers filed herein.

With this contention this court does not agree on the record before it. We quote the syllabus of *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143, as dispositive of this case:

"In a personal injury case, where the trial court grants summary judgment for the defendant upon the pleadings, affidavit and deposition upon the ground of assumption of risk, and the plaintiff appeals and no bill of exceptions is filed, the reviewing court must affirm the judgment of the trial court, for the reason that the reviewing court can not be certain that it has before it on the record all the documents, papers, depositions, affidavits and admissions which the trial court had before it and considered in reaching a decision."

See, also, *Acosta* v. *Echt*, 117 Ohio App. 178; *Allstate Ins. Co.* v. *Dye*, 113 Ohio App. 90.

A second assignment of error that no interest was awarded on the judgment, we consider well taken.

Wherefore, the motion to dismiss the appeal for failure to file a bill of exceptions will be granted and the judgment affirmed as modified by an award of interest from the date thereof, and the cause remanded for further proceedings according to law and this opinion.

*Judgment accordingly.*

LONG and HOVER, JJ., concur.