**YARBER, Appellant and Cross–Appellee,**

**v.**

**COOPER, Appellee and Cross–Appellant.**

[Cite as *Yarber v. Cooper* (1988), 61 Ohio App.3d 609.]

Court of Appeals of Ohio,
Huron County.

No. H–87–36.

Decided Dec. 12, 1988.

610

*Rosemarie Ann Barciz*, for appellant and cross-appellee.

*Ronald Freeman* and *Paul Lux*, for appellee and cross-appellant.

*Per Curiam.*

This matter is before the court on appellant's motion to reconsider our decision of August 31, 1988, in which we denied appellant's motion to certify this case to the Ohio Supreme Court on grounds of conflict.

Appellant filed a complaint for preliminary injunction and money damages against appellee on January 23, 1986. Appellant, Joan Yarber, sought to enjoin appellee, Mike Cooper, from evicting her in retaliation for her complaints to the Huron County Health Department about the premises rented from appellee. Appellant prayed for damages for violations of the Landlord–Tenant Act, see R.C. 5321.04(A)(7), 5321.04(A)(8), and 5321.02, and other common-law causes of action.

Appellee filed a forcible entry and detainer action against appellant on March 7, 1986. These two actions were consolidated in the Huron County Court of Common Pleas. A jury trial was held on May 11 and 12, 1987. The jury found for appellant and awarded her $619.04 in compensatory damages and $250 in punitive damages. The trial court entered judgment on this verdict on June 2, 1987.

On June 29, 1987, appellant filed a motion for attorney fees. Accompanying the motion was an affidavit by appellant's counsel, listing the hours expended on this case. Appellant's counsel averred that her attorney fees were $2,975.

A hearing was held regarding attorney fees on July 24, 1987. The court ordered appellant to file a memorandum in support of attorney fees by August 11, 1987. Appellee was given until August 24, 1987 to reply to the

memorandum. Oral arguments on this issue were set for August 24, 1987. Appellee did not reply to appellant's memorandum and also waived oral argument. On September 1, 1987, the court entered its judgment for appellant, awarding her $434.52 in attorney fees. The court stated that it arrived at this amount by halving the jury damages award of $869.04.

Appellant timely appealed this decision and asserted one assignment of error:

"I. The trial court's determination of the amount of attorney fees was an abuse of discretion and contrary to law."

Appellee also timely appealed and presented one assignment of error:

"Defendant–Appellee and Cross–Appellant Mike Cooper (hereinafter referred to as 'Appellee'), contends that the trial court erred to his prejudice in awarding any attorney's fees to Appellant."

In a June 10, 1988 decision, this court found for appellee. We held that because attorney fees are costs of the litigation, " * * * they must * * * be determined by the court prior to journalization. * * * " *Yarber v. Cooper* (June 10, 1988), Huron App. No. H–87–36, unreported, at 4, 1988 WL 61003. Because appellant's motion for attorney fees was filed after the court had journalized its entry on June 2, 1987, we reversed the trial court's award of attorney fees. We further found that due to the reversal of the lower court's award of attorney fees, appellant's assignment of error was rendered moot.

On July 11, 1988, appellant filed a motion to certify this case to the Ohio Supreme Court on the ground that it conflicted with other courts of appeals' decisions on the same issue. In an August 31, 1988 decision, this court denied appellant's motion to certify, holding that the cases cited by appellant as being in conflict with *Yarber v. Cooper, supra,* were factually distinguishable. On September 12, 1988, appellant filed a motion for reconsideration. Appellant argued that one of the cases we distinguished was factually similar to *Yarber v. Cooper, supra.*

We find that an incorrect standard of review was applied in our June 10, 1988 decision. A reviewing court will not reverse a trial court's decision about an attorney's fee unless there is an abuse of discretion. In *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 513 N.E.2d 737, the court addressed the abuse of discretion standard in the context of attorney fees: "If the trial court finds that a landlord has wrongfully withheld a portion of the tenant's security deposit, it shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented. Such determination shall not be reversed except upon abuse of discretion. * * * " (Citations omitted.) *Id.* at 349, 513 N.E.2d at 742. The United States Supreme Court stated in a

case concerning a fee-splitting arrangement that " * * * whether the parties to such a contract should be allowed any fees at all, and if so the amount thereof, are normally matters within the sound discretion of the District Court and are not reviewable except where a clear abuse of discretion is apparent. * * * " *Crites v. Prudential Ins. Co.* (1944), 322 U.S. 408, 418, 64 S.Ct. 1075, 1081, 88 L.Ed. 1356, 1363. See, also, *Wrenn v. Gould* (C.A. 6, 1987), 808 F.2d 493; *Krause v. Rhodes* (C.A. 6, 1981), 640 F.2d 214, certiorari denied *sub nom. Sindell, Lowe & Guidubaldi v. Attorney General of Ohio* (1981), 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117.

In *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 125, 21 O.O.3d 429, 431, 425 N.E.2d 961, 963, it was held that attorney fees are costs, not damages. The *Drake* court further found that as costs, attorney fees are solely within the trial judge's discretion. " * * * Thus, the entitlement to and amount of those fees lies within the sound discretion of the trial judge. * * * " *Id.* See, also, *Forquer v. Colony Club* (1985), 26 Ohio App.3d 178, 180, 26 OBR 398, 399, 499 N.E.2d 7, 9; *Thomas v. Papadelis* (1984), 16 Ohio App.3d 359, 360, 16 OBR 413, 414, 476 N.E.2d 726, 728; *Lewis v. Romans* (1980), 70 Ohio App.2d 7, 9, 24 O.O.3d 9, 10, 433 N.E.2d 622, 623.

Abuse of discretion is found when a decision is " * * * arbitrary, fanciful or unreasonable, or only when no reasonable man would take the view adopted by the trial court." *Sgro v. McDonald's Restaurant* (1984), 21 Ohio App.3d 41, 42, 21 OBR 43, 44, 486 N.E.2d 157, 158. " * * * [T]he term 'abuse of discretion' * * * connotes something more than an error of law or of judgment. * * * " *Steiner v. Custer* (1940), 137 Ohio St. 448, 451, 19 O.O. 148, 149, 31 N.E.2d 855, 857. It " * * * implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. * * * " (Citations omitted.) *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959.

Evidence of the reasonableness of attorney fees must be given near the time of the case and before journalization of the entry. *Yarber, supra,* at 4. This court in an earlier decision stated that it was " * * * of the opinion that the matter of the allowance of attorneys fees to counsel for the defendant Brown should have been determined prior to entry of the final judgment * * *." *Standard Accident Ins. Co. v. Miller* (1962), 118 Ohio App. 471, 474, 25 O.O.2d 391, 393, 195 N.E.2d 815, 817. Generally, costs are included in the entry of judgment. " * * * [T]he judgment entry prepared under the supervision of the court in a money action, for example, would recite the amount to be recovered, interest if any, and which party shall recover costs. * * * Upon receipt of the judgment form for entry, the clerk aids in computing the costs

from his records." Staff Notes to Civ.R. 54(D). R.C. 2335.19 specifies how and when costs are carried into a judgment:

"On the rendition of judgment, in any cause, the costs of the party recovering, together with his debt or damages, shall be carried into his judgment, and the costs of the party against whom such judgment is rendered shall be separately stated in the record or docket entry. * * * "

In the case *sub judice,* the trial court did not include attorney fees in its judgment entry of June 2, 1987. According to the record, no evidence regarding attorney fees was presented to the court until appellant filed her June 29, 1987 motion. Even though this court continues to hold that attorney fees should be presented prior to the journalization of the decision, we find that the trial court did not abuse its discretion when it allowed appellant to file a motion for attorney fees after entry of judgment. Such action did not rise to the level of arbitrariness, unreasonableness or unconscionability. Therefore, appellee's sole assignment of error is found not well-taken.

A better procedure for the trial court to have followed in the circumstances would have been to allow a motion for relief from judgment or order. Civ.R. 60(B) recognizes that while " * * * [i]n theory, a judgment entry, not the subject of an appeal, should be a final determination of the rights of the parties * * *, court decisions, rules of court, and statutes have provided for relief against the unjust operation of a voidable or void judgment. * * * " Staff Notes to Civ.R. 60(B). Where no evidence of the reasonableness of attorney fees is presented prior to the final judgment, the court "[o]n motion and upon such terms as are just * * * may relieve a party or his legal representative from a final judgment, order or proceeding for * * * any * * * reason justifying relief from the judgment. * * * " Civ.R. 60(B).

We finally address appellant's sole assignment of error which states that the trial court abused its discretion when it awarded attorney fees of only $434.52 and not $2,975. Appellant argues that it was an abuse of discretion to base the amount of attorney fees on the jury verdict.

■ Before a trial court can award attorney fees, the court must have evidence regarding their reasonableness. Determining an award of such fees is " * * * predicated upon evidence adduced by the parties. * * * " *Forquer, supra,* 26 Ohio App.3d at 180, 26 OBR at 400, 499 N.E.2d at 9. See, also, *Davis v. Owen* (1985), 26 Ohio App.3d 62, 64, 26 OBR 236, 237, 498 N.E.2d 202, 203.

■ The factors a trial court considers when deciding if attorney fees are reasonable include:

" * * * 1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; 2) customary fees in the locality for similar legal services; 3) result obtained; and 4) experience, reputation and ability of counsel. See DR 2–106(B), Code of Professional Responsibility * * *." *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 35, 11 OBR 63, 68, 463 N.E.2d 98, 104, citing with approval *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 2 O.O.3d 65, 355 N.E.2d 894.

■ This court has held that " * * * '[r]easonableness' clearly means that the trial court, as the trier of fact in this case, must make his own assessment of what is reasonable on the basis of the evidence presented. * * * " *Albreqt v. Chen* (1983), 17 Ohio App.3d 79, 83, 17 OBR 140, 144, 477 N.E.2d 1150, 1155. What is reasonable depends on several factors. In *Forquer, supra,* the trial court listed such factors as the ultimate result, amount of the original claim, and hours spent at trial and taking depositions in determining the attorney fees award. However, the appeals court in *Forquer* found that " * * * the amount awarded, $250, bears no reasonable relationship to the factors which the trial court indicated it considered in determining the amount of the attorney fees awarded." *Forquer, supra,* 26 Ohio App.3d at 180, 26 OBR at 400, 499 N.E.2d at 9–10. The case was remanded to the trial court for further consideration regarding the attorney fees awarded.

■ In *Bierlein v. Alex's Continental Inn, Inc.* (1984), 16 Ohio App.3d 294, 16 OBR 325, 475 N.E.2d 1273, the only evidence regarding services by plaintiff's counsel was a document which itemized his services. The Court of Appeals for Montgomery County, when reviewing the attorney fees award, stated that the guidelines in *Swanson, supra,* should be followed when determining reasonableness of attorney fees. The court determined that the document which listed services rendered, number of hours, and hourly fee, was not dispositive of the attorney fees issue. Instead it quoted from *Drake, supra:*

" 'The time spent by an attorney and a reasonable rate to be charged for that time are important factors to be considered by the court. But fees may not always be awarded *only* on the basis of time and an hourly charge. The trial court may disagree with the attorney as to the amount of time reasonably required to perform the particular service. The court will give the evidence such weight as is warranted under all the facts and circumstances in a given case. The court's determination should be based upon the actual value of the necessary service.' See *Hlavin v. W.E. Plechaty Co.* (1971), 28 Ohio App.2d 43 [57 O.O.2d 69, 274 N.E.2d 570]." *Bierlein, supra,* at 302, 16 OBR at 334, 475 N.E.2d at 1283.

In *Bierlein,* the court found that the trial court did not abuse its discretion when it awarded $600 in attorney fees and not $2,581.23 as requested.

■ This court held in *Albreqt, supra,* 17 Ohio App.3d at 83, 17 OBR at 144, 477 N.E.2d at 1155, that where the record has no evidence regarding the reasonableness of attorney fees and " * * * [i]n the absence of any record-evidence by which to determine if the trial court abused its discretion, the proceedings below are presumed to have been regular, valid and error-free. See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199 [15 O.O.3d 218, 219, 400 N.E.2d 384, 385]; see, also, *Meyer v. Perlstein* (1923), 107 Ohio St. 398 [140 N.E. 480]: *Acosta v. Echt* (1962), 117 Ohio App. 178 [23 O.O.2d 427, 185 N.E.2d 74]. * * * "

■ In the case *sub judice,* the only evidence regarding attorney fees is the affidavit which accompanied appellant's motion for attorney fees. In the absence of any other evidence, we presume the trial court's determination of attorney fees to be error-free and find that the trial court did not abuse its discretion when it awarded $434.52 in attorney fees. Appellant's sole assignment of error is therefore found not well-taken.

Wherefore, our decision and journal entry of June 10, 1988 is hereby vacated and held for naught. Accordingly, appellant's motion for reconsideration of our August 31, 1988 decision, denying certification of this case to the Supreme Court of Ohio, is rendered moot. The judgment of the Huron County Court of Common Pleas awarding attorney fees in the amount of $434.52 is hereby affirmed.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and A.R. RESNICK, JJ., concur.