OPINION
This appeal is taken by Defendants-Appellants, Donald R. Hensley, et al., from the judgment entered by the Court of Common Pleas of Hardin County declaring that the procedure followed by the Council of the Village of Alger when passing Resolution 98-15 was not in compliance with O.R.C. 121.22, the Sunshine Law.
The Appellants in this case include the members of the Council of the Village of Alger and the Mayor of the Village of Alger who is also the chairman of the Council. The Appellee is Paul D. Myers, a concerned citizen of the Village of Alger.
On May 19, 1998, at a regular meeting of the Council of the Village of Alger, a resolution designated Resolution 98-15 was brought before the Council by the Mayor. The purpose of the resolution was to authorize the extension of waterline service to a property outside the Village limits. At the meeting the Mayor read Resolution 98-15 in its entirety. Immediately thereafter a Council member made a motion that Council enter into an executive session. The voice vote on the motion was unanimous, the public was excused and the executive session began. During its executive session, Council discussed the substance of Resolution 98-15. Upon conclusion of the executive session, the regular meeting resumed and without further discussion or reading the resolution was passed as an emergency measure. As a result of this action, on July 17, 1998, Paul D. Myers, Plaintiff-Appellee, filed an action to enjoin further violations of O.R.C. 121.22, invalidate Resolution 98-15, order a civil forfeiture, award attorney fees and grant any other relief that the court deemed proper. On March 16, 1999 the trial court entered judgment in Myer's favor declaring the action by the Council of the Village of Alger to be in violation of O.R.C. 121.22 and, thus, invalid, ordering a civil forfeiture, and awarding reasonable attorney fees. On appeal from that judgment Appellants make the following assignments of error:
 EMB1. The trial court erred in holding the village of Alger had violated Ohio Revised Code Section 121.22
 2. The trial court abused its discretion and erred in granting reasonable attorney fees to the plaintiff-appellee.
Initially, Appellants claim that the trial court erred when it held that the Council of the City of Alger violated O.R.C.121.22. At the outset we observe that O.R.C. 121.22(A) requires that this section of the Ohio Revised Code be "liberally construed". O.R.C. 121.22(C) mandates that "all meetings of any public body are declared to be public meetings open to the public at all times." "Public body" includes:
 Any board, commission, committee, council, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, council, agency, authority or similar decision-making body of any county township, municipal corporation, school district, or other political subdivision or local political institution. O.R.C. 121.22 (B)(1)(a)
There are narrowly defined exceptions to the statute's broad mandate that all public bodies meet publicly. Among the specifically enumerated exceptions to the open meeting requirement are:
 Conferences with an attorney for the public body concerning disputes involving the public body that are the subject of pending or imminent litigation. O.R.C. 121.22(G)(3)
If a public body desires to hold an executive session, a discussion from which the public is excluded, it may do so only after a motion and a roll call vote authorizing it. O.R.C.121.22(F). If the executive session is to be held to consider one of the enumerated exceptions, then "the motion and vote to hold that executive session shall state which one or more" of those matters listed in the exceptions will be discussed. O.R.C.121.22(G). The executive session then may be held "for the sole purpose of the consideration of" one of the listed exceptions. O.R.C. 121.22(G)
The Supreme Court of Ohio has held that despite the fact that many exceptions to the open meeting requirement are listed in the statute, "inadvertence by the public body is not one of them."State ex rel Randles v. Hill (1993), 66 Ohio St.3d 32, 35. Thus, O.R.C. 121.22 affords only two defenses to claims of non-compliance. First, that the action to be taken fell within one of the listed statutory exceptions, or second, the meeting was open to the public. Id.at 35.
The record reveals that on May 19, 1998, the Council of the Village of Alger held a regular meeting open to the public. The Council of the Village of Alger has stipulated that it is indeed a public body as described by O.R.C. 121.22 and thus, must comply with the requirements set forth therein. The record establishes further that at the meeting noted above, resolution 98-15 was read in its entirety during the open portion of the meeting and neither the Mayor nor the Council had seen the resolution prior to the meeting. Without discussion on that proposed resolution Mr. Fry moved that Council convene in executive session. A voice vote was taken yielding unanimous agreement that Council move into executive session. Once in executive session Council debated the merits of the resolution previously proposed in open session. Upon resuming regular session, Council suspended its rules, declared an emergency, held no further discussion and passed Resolution 98-15.
It is thus apparent that the Council of the Village of Alger failed to have a roll call vote as required by statute upon motion to go into an executive session. Moreover, the Council failed to state which one or more of the matters listed in the exceptions enumerated in the statute were going to be discussed.
At trial the Council claimed that the words "to discuss with the solicitor" meant they were going to discuss imminent, or pending litigation, an enumerated exception. However, once in executive session Council members admittedly discussed the merits of the resolution previously proposed to it in public session. Had the Council's discussion focused solely on some imminent or pending litigation, the session would have qualified under the exception. However, its discussions focused on the merits of Resolution 98-15. Moreover, upon return to the regular session the Council bypassed any further debate on the resolution and passed it. Thus there was no opportunity for public discussion concerning Resolution 98-15. The procedures followed by the Council effectively circumvented the purpose for and the requirements of O.R.C. 121.22, the Sunshine law, by allowing a public body to debate a matter of public concern behind closed doors.
Since the record reveals that the Council of the Village of Alger did not qualify for one of the exceptions listed in the statute and the executive session was not open to the public, it has failed to establish existence of the statutory defenses for non-compliance. Appellants' cite City of Moraine v. Board ofCounty Commissioners of Montgomery County etal (1981), 67 Ohio St.2d 139, for authority that the resolution is valid because there had been previous discussion at prior meetings of the Council on the subject of Resolution 98-15 by which "deliberations were laid before the public eye". However, that case can be distinguished from the one before this court. In Moraine, deliberations were held before the executive session and after the executive session and while in executive session the members did not decide conclusively as to the merits of the resolution. Unlike Moraine the record of the case before us reveals that notwithstanding any discussions, the decision to pass the resolution was made during executive session and no subsequent public discussion occurred or was allowed.
No error having been shown the Appellants' first assignment of error is overruled.
Appellants next assert that the trial judge abused his discretion when he awarded attorney fees to Appellee's counsel. O.R.C. 121.22 requires:
 If a court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees.
The statute also allows the court, in its discretion, to reduce an award of attorney's fees or simply deny the award all together if the action taken by the public body was taken in good faith or it had a reasonable legal basis upon which to base its non-compliance. O.R.C. 121.22(I)(2)(a)(i)-(ii).
Before a trial court may award attorney's fees it must have evidence that they are reasonable. Yarber v. Cooper (1988),61 Ohio App.3d 609, 573 N.E.2d 713. The factors to be considered in deciding if the fees are reasonable are: 1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; 2) customary fees in the locality for similar legal services; 3) result obtained; and 4) experience, reputation and ability of counsel. DR 2-106(B) Code of Professional Responsibility. Yarber v. Cooper (1988), 61 Ohio App.3d 609,573 N.E.2d 713.
An award of attorney's fees under O.R.C. 121.22(I)(2) will not be overturned absent a showing of abuse of discretion. Whitev. Clinton County Board of Commissioners et al. (1997), 77 Ohio St.3d 1267.Smith v. Padgett (1987), 32 Ohio St.3d 344. An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. State ex. rel Brenders v. Hall (1995),71 Ohio St.3d 632.
The record reveals that the trial court issued an injunction and, as a result, ordered the Council of the Village of Alger to pay a civil forfeiture in the amount of $500 and reasonable attorney fees in the amount of $487.50. The plaintiff-appellee offered evidence of his counsel's $75 hourly rate. The trial court found that this rate was reasonable in light of the rate received by other attorneys in the community and general vicinity in which counsel practiced. Moreover, the trial court refused to award attorney fees for time not documented and further limited the award to counsel's time spent in court.
No abuse of discretion having been shown, the Appellants' second assignment of error is overruled and the judgment of the Court of Common Pleas of Hardin County is affirmed.
Judgment affirmed.
 SHAW and WALTERS, JJ., concur.