DECISION AND JUDGMENT ENTRY
Paul and Shelli Friend appeal the dismissal of their complaint for attorneys fees by the Pickaway County Court of Common Pleas. They argue that the trial court's Civ.R. 41(B)(2) dismissal of their complaint is against the manifest weight of the evidence. Because some competent, credible evidence supports the trial court's findings of fact that Elsea and Elsea Financial Services, Inc. did not violate the Consumer Sales Practices Act ("CSPA"), we disagree. The Friends also argue that the trial court abused its discretion in failing to award attorneys fees because the amount, sought was reasonable. Because we find that any error in this regard is harmless, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
Plaintiffs-Appellants Paul and Shelli Friend purchased a manufactured home from Elsea in December 1993. As part of the contract, Elsea agreed to construct a foundation for the home, install and hook up a septic system, and hook up the water and electric utilities. The Friends told Todd Collins, Elsea's sales representative, that they wanted a permanent foundation for the home to avoid being home taxes.
Elsea sub-contracted the work on the foundation to John Erwin. Although the manufacturer of the home recommended that the foundation extend several inches below the frost line, Collins instructed Erwin to install a foundation resting on the surface of the ground. Apparently, there was some discussion between Collins and Erwin regarding whether or not such a foundation would be sufficient for the Friends' mobile home, but Collins assured Erwin that Elsea had installed several mobile homes before with similar foundations.
The Friends were not able to move into the home until several months after Elsea originally said it would be available. They began discovering problems with the home almost immediately. Elsea never connected the water and electricity, and the Friends had to pay another contractor to complete the connections. There were numerous defects with the home, including stained and torn carpet, missing and damaged molding, doors that jammed and others that would not stay shut. The sewage pipes were installed incorrectly. As a result, raw sewage backed up into the bathtub, sinks, shower and washing machine. Also, someone switched the hot and cold water lines that connected the two halves of the home.
The Friends filed a complaint with the Ohio Manufactured Housing Association ("OMHA") about the condition of their home. An OMHA inspection revealed a number of defects, some of which the OMHA report attributed to the manufacturer, and others to Elsea. The manufacturer apparently repaired most of the defects attributable to it.
The Friends then began noticing a foul odor coming from beneath the house and complained to Elsea. An Elsea employee discovered that the sewer pipe beneath the home had separated, causing several inches of raw sewage to collect under the home. The employee refused to clean out the sewage, and the Friends had to hire an outside contractor to remedy the situation.
On April 24, 1996, the appellants filed a complaint against Elsea and Elsea Financial Services alleging breach of contract, negligence, breach of warranties, CSPA violations, and Retail Installment Sales Act violations. Elsea and Elsea Financial Services filed third-party complaints against Carl M. Pugh, the sub-contractor who connected the septic system; Clayton Homes, Inc., the manufacturer of the appellants' home; and John Erwin, seeking indemnification for any liability of Elsea and Elsea Financial Services to the appellants. On July 8, 1997, the trial court granted Elsea and Elsea Financial Services summary judgment on the Retail Installment Sales Act claim. On December 12, 1997, Elsea and Elsea Financial Services dismissed its indemnification claim against Clayton Homes. On December 15, 1997, the morning of the trial, the parties reached a settlement on all issues except the Friends' claim for attorney fees under the CSPA.
The trial court held hearings on this claim on December 15, 1997, and July 17, 1998. During the Friends' case-in-chief, the trial court, without objection as to the order of the witnesses, permitted Elsea to call Ned Myers, an expert witness, out of order. At the close of the Friends' case, Elsea moved to dismiss the claim for attorney fees. The trial court granted the motion.
Pursuant to the Friends' request, the trial court issued findings of fact and conclusions of law on August 25, 1998. The trial court made the following findings of fact:
 7. * * * Elsea's service representatives made several trips to the home and made repairs as evidenced by the service receipts which were admitted into evidence. Elsea representatives made several service trips to the home until December of 1995 when the plaintiff, Paul Friend, advised them not to make any more service calls to their home. After Friend refused to allow Elsea to make any further service calls, the condition of the home deteriorated.
 8. Plaintiffs agreed at the time of purchase that * * * "waving" in the vinyl, hardboard and aluminum siding were normal and were not a defect in the siding. Plaintiffs further agreed that connecting points along the floor would have variations and that the carpet seams would be visible. Plaintiffs further agreed to re-level the home and assume the responsibility for any damage as a result of not re-leveling the home.
 9. The Court further finds that plaintiffs have failed to demonstrate that any problems with the home were the result of any problems with the foundation.
The trial court concluded that because the Friends failed to demonstrate that Elsea and Elsea Financial Services knowingly committed any act or practice in violation of the CSPA, they were not entitled to attorneys fees. The court also noted that even if an award of attorneys fees were warranted, the fees requested were unreasonable.
The Friends appeal and assert the following assignments of error:
 I. The Trial Court erred in determining that the Defendants-Appellees did not commit any unfair or deceptive acts or practices in violation of the Consumer Sales Practices Act.
 II. The Trial Court erred in determining that the Defendants-Appellees had not knowingly committed any unfair or deceptive acts or practices in violation of the Consumer Sales Practices Act.
 III. The trial court (sic) abused its discretion in determining that the amount of attorney fees sought by Plaintiffs-Appellants in this case was not reasonable, and thus deciding not to award any attorney fees.
 II.
In their first two assignments of error, the Friends assert that the trial court erred in determining that Elsea did not knowingly commit any violations of the CSPA. We construe these assignments of error as asserting that the trial court's dismissal is against the manifest weight of the evidence and address them together.
A Civ.R. 41(B)(2) dismissal is used in non-jury actions and requires the trial court and reviewing court to apply different tests. Central Motors Corp. v. Pepper Pike (1979), 63 Ohio App.2d 34,38; Warwick v. Warwick (Feb. 25, 2000), Ross App. No. 98CA2403, unreported. Civ.R. 41(B)(2) provides:
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all of the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party.
Thus, the rule specifically provides that the trial court may consider both the law and the facts. Under the rule, the trial judge, as trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by a preponderance of the evidence. L.W. Shoemaker, M.D., Inc. v.Connor (1992), 81 Ohio App.3d 748; Harris v. Cincinnati (1992),79 Ohio App.3d 163; Central Motors Corp., supra. "Because the trial court is not required to view the evidence in the light most favorable to the plaintiff, even if the plaintiff has presented a prima facie case, dismissal may still be appropriate." Fenley v. Athens County Genealogical Chapter (May 28, 1998), Athens App. No. 97CA36, unreported. Thus, where the trial court weighs the evidence and determines that the evidence makes it clear that the plaintiff will not prevail, the motion may be granted. See, Fenley, supra, citing 3B Moore, Federal Practice (1990), Paragraph 41.13(4), at 41-177. However, if, in weighing the evidence, the trial judge finds that the plaintiff has proven the relevant facts by the necessary quantum of proof, the motion must be denied and the defendant required to put on evidence. Central Motors Corp. at 49; Fenley.
On appellate review, to the extent that the trial court's determination rests on findings of fact, we must not disturb the findings unless they are against the manifest weight of the evidence. Fenley. We will not reverse a finding of fact as against the manifest weight of the evidence if some competent, credible evidence supports the trial court's finding. SecurityPacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17, 20. However, the application of legal standards to such findings is reviewable de novo as mixed questions of law and fact. Shoemaker;Fenley at 6, citing 3B Moore, Federal Practice (1990), Paragraph 41.13(1), at 41-166.
Generally, statutory attorney fees are considered to be costs, and the entitlement to and amount of those fees lies within the sound discretion of the trial court. Yarber v. Cooper (1988),61 Ohio App.3d 609, 613. This general rule has been applied in the context of attorney fees pursuant to R.C. 1345.09(F)(2). Thus, we review a trial court's decision on a motion for attorney fees in a case involving the Consumer Sales Practices Act for an abuse of discretion. See Bittner v. Tri-County Toyota, Inc. (1991),58 Ohio St.3d 143, 146, citing Brooks v. Hurst Buick-Pontiac-Olds-GMC,Inc. (1985), 23 Ohio App.3d 85, 91; Walker v. Cadillac MotorCar Div. (1989), 63 Ohio App.3d 220, 229-230. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. ClevelandElectric Illuminating Co. (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, we are not free to merely substitute our judgment for that of the trial court and we are guided by the presumption that the findings of the trial court are correct. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,138.
In consumer transactions, R.C. 1345.02(A) prohibits unfair and deceptive acts or practices, whether they occur "before, during, or after the transaction." The trial court may award attorney fees to the consumer in an action under the CSPA if the defendant "knowingly committed an act or practice that violates this chapter." R.C. 1345.09(F). In order to be subject to attorney fees "the supplier need only intentionally do the act that violates the Consumer Sales Practices Act. The supplier does not have to know that his conduct violates the law for the court to grant attorney fees." Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27,30, 548 N.E.2d 933, 936.
The Friends assert that they presented uncontradicted testimony that established that Elsea and Elsea Financial Services knowingly violated the CSPA by (1) failing to construct the home's foundation in a competent, satisfactory, and workmanlike manner; (2) engaging in a pattern of inefficiency, incompetency, and delay in failing to and refusing to correct substandard work, (3) making partial and incomplete repairs over a long period of time without ever fully repairing the defects; (4) failing to integrate material representations concerning the permanent foundation and the actual specifications of the foundation into the written contract; and (5) failing to hook-up the utilities.
While the Friends presented evidence that tends to support the above statements, the evidence is not uncontradicted. Elsea placed many of the facts into dispute through cross-examination. The trial court, as trier of fact, was entitled to judge the credibility of the witnesses' testimony. State v. Frazier (1995),73 Ohio St.3d 323, 339. Additionally, the trial court, as trier of fact, was free to believe all, part, or none of each witness's testimony. State v. Nichols (1993), 85 Ohio App.3d 65, 76.
Some competent credible evidence supports the trial court's findings. The service receipts and Paul Friend's testimony indicate that Elsea sent its employees to fix problems with the home many times. At trial, Paul Friend admitted that in December of 1995 he advised Elsea not to make any more service calls to his home. Paul Friend also testified that Elsea never refused to make a service call when the Friends' requested one. Paul Friend's testimony indicates that after the Friends refused to allow Elsea to make any further service calls, the condition of the home deteriorated. The Friends' contract with Elsea indicates that they agreed that the home may have some inherent problems due to the nature of the home and assumed responsibility for re-leveling the home and any damage suffered as a result of failing to do so. The report of the OMHA indicated that many of the problems with the home were the responsibility of the manufacturer. Furthermore, the trial court, as trier of fact, was free to disbelieve any of the witnesses' testimony. Thus, we find that the trial court's findings of fact are not against the manifest weight of the evidence. Accordingly, we overrule the Friends' first and second assignments of error.
 III.
In their third assignment of error, the Friends argue that the trial court abused its discretion in failing to award attorneys fees because the amount sought was unreasonable.
However, the trial court failed to award attorneys fees because, having found that Elsea did not violate the CSPA, the Friends were not legally entitled to them. We find that even if the trial court erred in determining that the requested attorneys fees were unreasonable, its judgment is supported by its finding that Elsea did not knowingly violate the CSPA. Therefore, the trial court's ruling was consistent with substantial justice and did not affect the substantial rights of the parties. As such, any error on the part of the trial court constituted harmless error. Evid.R. 103 and Civ.R. 61. Accordingly, we overrule the Friends' third assignment of error.
 IV.
In sum, we overrule all of the Friends' assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion. Evans, J.: Dissents
________________________________ Roger L. Kline, Presiding Judge